ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **Center for Biological Diversity, et al.,**<br><br>                              Petitioners,<br><br>     v.<br><br>**U.S. Environmental Protection Agency, et al.,**<br><br>                              Respondents. | No. 23-1019 (consolidated with 23-1020) |

**UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE PENDING THE COURT'S DECISION IN *STATE OF CALIFORNIA V. EPA*, NOS. 21-1018 AND 21-1021**

Petitioners California, Connecticut, Illinois, Maryland, Massachusetts, New Jersey, New York, Oregon, Pennsylvania, Vermont, and Washington (State Petitioners) and Center for Biological Diversity, Friends of the Earth and Sierra Club (Environmental Petitioners) hereby move the Court to place these cases in abeyance pending the Court's decision in its review of EPA's Jan. 11, 2021 greenhouse gas emission standards for commercial aircraft, *State of California v. EPA*, Nos. 21-1018, 21-1021. That challenge and the present one involve overlapping questions of law and similar arguments, the petitioners and respondents in these consolidated cases are all parties to

1

*California v. EPA*, and the resolution of *California v. EPA* may in large part, if not completely, resolve these consolidated cases.

The parties in *California v. EPA* completed briefing on July 12, 2022, the Court held oral argument on October 6, 2022, and the parties anticipate a decision soon. Accordingly, Petitioners respectfully request this Court to hold these cases in abeyance until 30 days after the decision in *California v. EPA* has been issued, with motions to govern further proceedings due upon expiration of the abeyance period.

Petitioners have conferred with Respondents, and Respondents do not oppose the requested abeyance.

## BACKGROUND

**A.   Challenges to EPA's Aircraft Greenhouse Gas Standards**

Shortly after EPA promulgated its greenhouse gas emission standards for aircraft, 86 Fed. Reg. 2136 (Jan. 11, 2021) (Aircraft GHG Rule), State and Environmental Petitioners petitioned this Court for review (case nos. 21-1018 and 21-1021).[1] In those challenges, Petitioners argue that EPA violated section 231 of the Clean Air Act, which, under Petitioners' reading,

---

[1] The State and Environmental Petitioners in cases 21-1018 and 21-1021 are the same petitioners in the present cases, with the addition of the District of Columbia.

2

obligates EPA to develop aircraft emission standards based on certain statutory factors: the dangers of the pollutant to public health and welfare, the technological feasibility of reducing those emissions, compliance costs, safety, lead time, and noise. 42 U.S.C. § 7571; *National Ass'n of Clean Air Agencies v. EPA*, 489 F.3d 1221, 1226, 1230 (D.C. Cir. 2007) (*NACAA*). EPA, however, based the Aircraft GHG Rule on aligning domestic aircraft standards with GHG standards adopted in 2017 by the International Civil Aviation Organization (ICAO), which are projected to cause no reductions in greenhouse gas emissions. ICAO is a multilateral organization that sets uniform standards for air navigation, including minimum emission standards that U.S.-manufactured aircraft must achieve in order to ensure permission to fly in other nations' airspace. 86 Fed. Reg. at 2140. Petitioners argued that EPA acted unlawfully and arbitrarily in tying domestic aircraft standards to ICAO's, instead of basing these standards on the statutory factors. Petitioners argued it was arbitrary for EPA to adopt standards without considering whether emissions could feasibly be reduced, despite the pressing threats to public health and welfare from greenhouse gas pollution. Finally, Petitioners challenged EPA's finding that the Aircraft GHG Rule's failure to mitigate aircraft pollution at all comported with EPA's

3

environmental justice principles. *See, e.g.*, *California v. EPA*, No. 21-1018, ECF No. 1954942, at 21-22 (Envtl. Petrs. opening brief).

For its part, EPA disputed that Section 231 of the Clean Air Act contains any mandatory factors and contended the *NACAA* case supports its discretion to base aircraft emission standards on a goal of "harmonizing" these standards with ICAO's instead. EPA argued it lacked sufficient time to study the technologies that could support more stringent standards, and it was urgent to adopt ICAO standards into domestic law so that the Federal Aviation Administration (FAA) could certify U.S.-manufactured planes to these standards, facilitating their sales to international markets. EPA also argued the Aircraft GHG Rule was a "first step" toward more stringent standards that ICAO might adopt in future work cycles. Petitioners disputed EPA's assertions. *See, e.g.*, ECF No. 1954683, at 22-25 (EPA brief), ECF No. 1954676, at 1 (State Petrs. reply brief).

The parties completed briefing in *California v. EPA* on July 12, 2022, and oral argument took place on October 6, 2022.

B.  **Challenges to EPA's Aircraft Particulate Matter Standards**

On November 23, 2022, EPA adopted the rule currently challenged, "Control of Air Pollution from Aircraft Engines: Emission Standards and Test Procedures," 87 Fed. Reg. 72,312 (Aircraft PM Rule). The Aircraft PM

Rule sets Section 231 standards for particulate matter emissions from commercial aircraft, which, again, adopt the global minimum standards for particulate matter set by ICAO. *Id.* at 72,314. Like the Aircraft GHG Rule, the Aircraft PM Rule requires no emissions reductions despite known adverse impacts to public health and welfare from particulate matter pollution. *Id.* These impacts fall disproportionately on communities adjacent to airports, which "are disproportionately represented by people of color and low-income populations." *Id.* As in the Aircraft GHG Rule, EPA in this Rule did not analyze whether currently available engine technologies could support emission-reducing standards, *id.* at 72,341-43, stating that the present rule is "one appropriate step" in a "long-term process, with the potential for successive standards of increasing stringency," *id.* at 72,314.

In responding to Petitioners' public comments, EPA reiterated its view that Section 231 does not mandate consideration of any particular factors, including the technological feasibility of emission-reducing standards; that *NACAA* gives it discretion to base standards on a "harmonization" goal tied to ICAO standards; and that it lacked time to consider more stringent particulate standards due to approaching ICAO deadlines. *Id.* at 72,335-37.

5

## ARGUMENT

The Court should hold these consolidated cases in abeyance pending its decision in *California v. EPA*. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This Court "[o]ften … issue[s] such orders in light of other pending proceedings that may affect the outcome of the case before [it]." *Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008). Here, the issues in the two rule challenges overlap significantly, if not completely, such that the Court's forthcoming decision on the Aircraft GHG Rule's legality will likely determine whether the Aircraft PM Rule is lawful. Accordingly, judicial economy and the conservation of the parties' resources favor an abeyance.

The Court's *California v. EPA* decision should resolve important and fundamental disagreements between the same parties over the interpretation of Clean Air Act section 231, the Court's *NACAA* precedent, and the treaty provisions governing the adoption of ICAO standards, including:

- Whether Section 231 obligates EPA to base emission standards on a consideration of the danger of the pollutant, technological feasibility, and other factors, or may base standards on a goal of harmonizing domestic and ICAO standards;

6

- Whether the ICAO standards' effective dates create any time pressure that excuses EPA from considering technologically feasible, emission-reducing alternatives for domestic standards; and

- Whether EPA's determination that its aircraft emission standards are consistent with its environmental justice principles are reviewable.

The resolution of these disagreements will either fully resolve or significantly shape how the Court decides similar arguments the parties have made about the Aircraft PM Rule in comments and EPA's responses to comments. *See Fairview Hosp. v. Leavitt*, No. 05-1065, 2007 WL 1521233, at *3 (D.D.C. May 22, 2007) (granting stay pending resolution of another case where "the case [at hand] . . . raise[d] nearly identical issues as those currently briefed and pending" in other matter).

In addition, because EPA's approaches to rulemaking in the Aircraft GHG Rule and Aircraft PM Rule overlap substantially, most arguments Petitioners made in *California v. EPA* challenging the Aircraft GHG Rule as arbitrary and capricious apply equally to the Aircraft PM Rule. For example, if the Court in *California v. EPA* agrees it was arbitrary for EPA to adopt standards that fail to reduce greenhouse gas pollution without considering feasible, emission-reducing alternatives, it is likely this Court would find EPA's adoption of the Aircraft PM Rule was arbitrary by the same logic. On

7

the other hand, if the Court in *California v. EPA* finds EPA acted reasonably in adopting ICAO's greenhouse gas standards in the name of international harmonization, Petitioners' contrary argument as to the Aircraft PM Rule may well be precluded. At the very least, the *California v. EPA* decision will substantially narrow the issues in this case to those that can be reasonably distinguished from issues decided in the greenhouse gas context.

An abeyance at this stage will promote judicial economy and conserve party resources. If, as is likely, the decision in *California v. EPA* resolves the parties' dispute over the Aircraft PM Rule, an abeyance now will avoid the burden of preparing for litigation, including compiling an agency record, collecting standing declarations from state agencies and members of the Environmental Petitioners' organizations, and submitting other initial filings. At a minimum, the decision in *California v. EPA* will narrow and focus the instant case.

WHEREFORE, this unopposed motion requests that this Court hold these cases and all associated deadlines in abeyance pending its decision in *California v. EPA*, and that the abeyance remain in place until 30 days after the issuance of a final decision in that case, with motions to govern further proceedings due upon expiration of the abeyance period.

Dated: February 2, 2023

Respectfully submitted,

FOR THE STATE OF CALIFORNIA

R<small>OB</small> B<small>ONTA</small>
Attorney General of California
R<small>OBERT</small> W. B<small>YRNE</small>
E<small>DWARD</small> H. O<small>CHOA</small>
Senior Assistant Attorneys General
M<small>ICHAEL</small> P. C<small>AYABAN</small>
C<small>HRISTIE</small> V<small>OSBURG</small>
Supervising Deputy Attorneys General


*/s/ Theodore McCombs*
T<small>HEODORE</small> A. M<small>C</small>C<small>OMBS</small>
Deputy Attorney General
*Attorneys for State of California, by and through Attorney General Rob Bonta and the California Air Resources Board*

FOR THE STATE OF CONNECTICUT

WILLIAM TONG
Attorney General

/s/ *Daniel M. Salton*
Daniel M. Salton
Assistant Attorney General
Office of the Attorney General
165 Capitol Ave.,
Hartford, CT 06106
(860) 808-5250
daniel.salton@ct.gov

FOR THE STATE OF ILLINOIS

KWAME RAOUL
Attorney General

/s/ *Elizabeth Dubats*
Elizabeth Dubats
Assistant Attorney General
Matthew J. Dunn
Chief, Environmental Enforcement
Asbestos Litigation Division
Jason E. James
Assistant Attorney General
201 West Pointe Drive, Suite 7
Belleville, IL 62226
(872) 276-3583
Elizabeth.dubats@ilag.gov

FOR THE STATE OF MARYLAND

ANTHONY G. BROWN
Attorney General

/s/ *Joshua M. Segal*

Joshua M. Segal
Special Assistant Attorney General
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
(410) 576-6446
jsegal@oag.state.md.us

FOR THE COMMONWEALTH OF MASSACHUSETTS

ANDREA JOY CAMPBELL
Attorney General

/s/ *Turner Smith*

Turner Smith
Deputy Chief & Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Fl.
Boston, MA 02108
(617) 727-2200
Turner.Smith@mass.gov

FOR THE STATE OF NEW JERSEY

MATTHEW J. PLATKIN
Attorney General

/s/ *Lisa J. Morelli*

Lisa J. Morelli
Deputy Attorney General
New Jersey Division of Law
25 Market Street
Trenton, New Jersey 08625
(609) 376-2740
Lisa.Morelli@law.njoag.gov

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General

/s/ *Gavin G. McCabe*

Gavin G. McCabe
Assistant Attorney General
Judith N. Vale
Deputy Solicitor General
Office of the Attorney General
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8459
Gavin.McCabe@ag.ny.gov

FOR THE STATE OF OREGON

ELLEN F. ROSENBLUM
Attorney General

/s/ *Paul Garrahan*

Paul Garrahan
Attorney-in-Charge
Steve Novick
Special Assistant Attorney General
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4593
paul.garrahan@doj.state.or.us

FOR THE COMMONWEALTH OF PENNSYLVANIA

MICHELLE A. HENRY
Acting Attorney General

/s/ *Ann R. Johnston*

Ann R. Johnston
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 16th Floor
Harrisburg, PA 17120
(717) 705-6938
ajohnston@attorneygeneral.gov

FOR THE STATE OF VERMONT

CHARITY R. CLARK
Attorney General of Vermont

/s/ *Nicholas F. Persampieri*

Nicholas F. Persampieri
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3171
nick.persampieri@vermont.gov

FOR THE STATE OF WASHINGTON

ROBERT W. FERGUSON
Attorney General

/s/ *Christopher H. Reitz*

Christopher H. Reitz
Alexandria Doolittle
Assistant Attorneys General
Office of the Attorney General
P.O. Box 40117
Olympia, WA 98504-0117
(360) 586-4614
chris.reitz@atg.wa.gov

/s/ *Sarah H. Burt*
Sarah H. Burt
Mae Manupipatpong
EARTHJUSTICE
50 California Street, Suite 500
San Francisco, CA 94111
Tel: (415) 217-2000
sburt@earthjustice.org
mmanupipatpong@earthjustice.org

*Counsel for Sierra Club and Friends of the Earth*

/s/ *Elizabeth Jones*
Elizabeth A. Jones
Scott Hochberg
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Tel: (310) 365-9281
ljones@biologicaldiversity.org

*Counsel for Center for Biological Diversity*

/s/*Vera Pardee*
VERA PARDEE
Law Office of Vera Pardee
726 Euclid Avenue
Berkeley, CA 94708
Tel: (858) 717-1448
pardeelaw@gmail.com

*Counsel for Sierra Club*

SD2023300419

## CERTIFICATE OF SERVICE

Case Name: **Center for Biological Diversity et al v. EPA, et al**    No. **23-1019**

I hereby certify that on February 2, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE PENDING THE COURT'S DECISION IN STATE OF CALIFORNIA V. EPA, NOS. 21-1018 AND 21-1021**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on February 2, 2023, at San Diego, California.

Charlette Sheppard
Declarant

*Charlette Sheppard*
Signature

SD2023300419
83797822.docx